IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RACHEL L. GAREY,** | Case No. 2:17-cv-00097-JLG-KAJ |
| Plaintiff, | Judge James L. Graham |
| | Magistrate Judge Kimberly A. Jolson |
| v. | |
| **WELTMAN, WEINBERG & REIS, ET AL.,** | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

It is hereby stipulated and agreed by and between counsel for the parties, and non-parties, that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, and related depositions, pleadings, exhibits and other information exchanged by them in this action.

It is hereby ORDERED as follows:

This Order shall be applicable to and govern all documents produced in response to subpoenas to third parties, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL," hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action. As used herein, "party" shall refer to the parties to this action and to non-party witnesses.

In designating information as "CONFIDENTIAL," a party shall make such a designation only as to materials which that party, in good faith, believes constitutes such material or matter used by it in, or pertaining to, its business, which matter is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in

confidence. "CONFIDENTIAL" materials shall be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

Within 30 days of receiving any documentation or information designated as "CONFIDENTIAL," the receiving party must either object to the designation, or else waive any objection to the designation. A party who objects to the designation must within that 30 day period, notify the serving party in writing of any objections to the designation. The party asserting the designation is responsible for making good faith effort to explain and/or justify the designation. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought. The failure to move for a protective order within that 14 day period waives the designation. The Party asserting the designation bears the burden of proving that a document should be designated as Confidential Information.

Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a. The attorneys working on this action on behalf of any party, including in-house attorneys, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

b. Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph (a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

c. Such officers, directors or employees of the parties as their counsel, in good faith, requires to provide assistance in the conduct of this action, with disclosure only to the extent necessary to provide such assistance;

d. Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL" material during his testimony, and may not retain any "CONFIDENTIAL" material; and

e. The Court.

The persons described in paragraphs (b), (c), and (d) shall have access to the "CONFIDENTIAL" material once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be maintained by counsel for the parties hereto of the names of all persons to whom "CONFIDENTIAL" material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists. The persons receiving "CONFIDENTIAL" material are enjoined from disclosing it to any other person, except in conformance with this Order.

Each individual who receives any "CONFIDENTIAL" material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due

and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

Within thirty (30) days of the final termination of litigation between the parties including any appeals, all "CONFIDENTIAL" material and all copies, extracts, or summaries thereof shall be returned to the party that produced it or shall be destroyed, in which case counsel for the party destroying it shall certify in writing that it has been destroyed.

The inadvertent production by a party of a document or information that is privileged shall not be deemed a waiver of such privilege. Upon discovery that privileged material has been inadvertently produced, the party receiving such information shall immediately destroy all copies of the information and return the original to the providing party.

Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

Date: May 1, 2017 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**APPROVED**:


/s/Steven C. Shane per approval
Steven C. Shane (0041124)
P.O. Box 73067
Bellevue, KY 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net
Trial Attorney for Plaintiff

/s/Terry W. Posey, Jr.
Christine M. Haaker (0063225)
Terry W. Posey, Jr. (0078292)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342
Telephone:  937.443.6822/ Fax:  937.443.6910
*Christine.Haaker@ThompsonHine.com*
*Terry.Posey@ThompsonHine.com*
Attorneys for Defendants Weltman,
Weinberg & Reis Co., L.P.A. and Douglas Dahmer

# ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order which was entered by the Court in *Rachel Garey v. Weltman, Weinberg & Reis Co., L.P.A., et al.*, United States District Court, for the Southern District of Ohio, Eastern Division, Case No. 2:17-cv-00097-JLG-KAJ, that he/she is one of the persons contemplated in paragraphs 3 or 5 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL" material, respectively, by either of the parties or by non-parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order.

Dated:_____    _____
(Signature)

_____
(Title or Position)